**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **EI-LAND CORPORATION,** | § | **Civil Action No. 2:09-CV-00337-CE** |
| | § | |
| **Plaintiff** | § | **Civil Action No. 2:10-CV-00082-CE** |
| | § | |
| **vs.** | § | |
| | § | |
| **SIMPSON STRONG-TIE COMPANY, INC., ET AL.,** | § | **CONSOLIDATED FOR ALL PURPOSES** |
| | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |
| | § | |

**DEFENDANT SFI OF TENNESSEE, LLC'S UNOPPOSED JOINDER IN DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

Defendant SFI of Tennessee ("SFI") hereby joins in the January 8, 2010 motion of Defendants Simpson Manufacturing Co., Inc. and Simpson Strong-Tie Company Inc. (collectively, "Simpson") and Maddux Building Materials, Inc., S.L., Parker Partnership, Ltd., S.L. Parker Management, L.L.C., Associated Truss & Lumber Co., and Galveston Wholesale Building Materials, Inc. (collectively, the "Customer Defendants") for an order severing and staying the action against the Customer Defendants and transferring the claims against Simpson to the Northern District of California pursuant to Federal Rule of Civil Procedure 21 and 28 U.S.C. § 1404(a). By joining this motion, SFI requests that the claims against it be transferred to the Northern District of California along with the claims against Simpson.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Procedural History

On October 28, 2009, Plaintiff Ei-Land Corporation ("Ei-Land") filed suit for patent infringement against Simpson and the Customer Defendants alleging that Simpson's Steel

Strong-Wall Shearwalls® (the "SSW") infringes its patent, U.S. Patent No. 7,458,187 ("the '187 Patent"). *See Ei-Land v. Simpson Manufacturing Co., Inc.*, *et al.*, Civil Action No. 2:09-CV-00337; Compl., ¶¶ 11-18. On January 8, 2010, Defendants filed a motion to transfer the claims against Simpson to the Northern District of California. *See* Civil Action No. 2:09-CV-337 (Docket No. 32).[1]

On March 5, 2010, Ei-Land filed a suit in this District against SFI, a Simpson supplier, alleging that SFI directly or indirectly infringes the '187 patent because "SFI at least makes, sells and/or offers for sale at least steel products that are at least a substantial part of Steel Strong-Wall Shearwalls." *See* Civil Action No. 2:10-CV-00082 (Docket No.1) at ¶ 6. The two cases were consolidated for all purposes on May 11, 2010. Civil Action No. 2:10-CV-00082 (Docket No.12).

Simpson has undertaken SFI's defense, pursuant to an indemnity agreement, and SFI is represented by the same attorneys who represent each of the other Defendants. *See* Declaration of Shawn Henry in support of Joinder ("Henry Decl."), ¶ 8, Ex. B (Indemnity Agreement).

**B. <u>Factual Background</u>**

SFI is a Tennessee limited liability company, formed in 2002, that supplies medium to heavy gauge steel components and value-added services for a select group of original equipment manufacturers in the agricultural, construction, industrial, transportation and defense industries. Henry Decl., ¶ 2. SFI is a wholly owned subsidiary of Steel Warehouse Company. *Id.*

In 2004, SFI and Simpson entered into an agreement under which SFI would manufacture for and supply Simpson with SSWs, or components thereof. Henry Decl., ¶ 3. In approximately

---

[1] The Customer Defendants, who would not be subject to jurisdiction in California, joined in the Transfer Motion, which requested that the claims against the Customer Defendants be severed and stayed to permit transfer of the claims against Simpson, the manufacturer and the real party in interest.

early 2005, SFI began supplying Simpson with the SSW and/or its components. *Id.*, ¶ 4. SFI has supplied Simpson's Stockton, Brea and Visalia, California branches, in addition to supplying Simpson's McKinney, Texas branch with SSWs and/or its components. *Id.*

SFI manufactures exclusively for Simpson, according to Simpson's specifications. Henry Decl., ¶ 5. SFI does not provide SSWs, or components thereof, to any other vendor or distributor, and is prohibited from doing so. *Id.*. SFI is also prohibited from disclosing proprietary information relating to SSWs by a confidentiality agreement. *Id.*, ¶ 3, Ex. A (Confidentiality Agreement). All of SFI's activities performed in relation to the manufacture of the SSW, or any part thereof, take place in Memphis, Tennessee. *Id.*, ¶ 5.

Simpson has provided SFI with technical specifications and drawings related to the manufacture of SSWs and its components, which SFI maintains at its facility in Memphis, Tennessee. Henry Decl., ¶ 6. Simpson is responsible for the design, development, testing, sales, and marketing of SSWs, and SFI does not participate in such activities or have any documents relating thereto. *Id.*

SFI's manufacture and supply relationship with respect to the SSW is with Simpson, a company that has its principal place of business and headquarters in Pleasanton, California. Payment for the work done by SFI issues from Simpson's Pleasanton, California home office. Henry Decl., ¶ 4. Additionally, the confidentiality agreement between SFI and Simpson provides that the agreement is governed by and construed in accordance with the laws of the state of California. *Id.*, Ex. A.

The only connection SFI has to the Eastern District of Texas is that it produces SSWs for Simpson that are shipped to Simpson's branch office in McKinney, Texas. Henry Decl., ¶ 7. The shipments are made FOB Memphis, meaning that SFI exercises no control over the

shipments once the goods are on board in Memphis. *Id*.

## II. SFI'S JOINDER TO THE TRANSFER MOTION DOES NOT TIP THE BALANCE OF CONVENIENCE AGAINST TRANSFER TO CALIFORNIA

In deciding a transfer motion, a court first must determine whether the claims "might have been brought" in the suggested transferee venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc). A court must then balance the convenience of the parties in both venues by considering private and public interest factors. *Id.* at 315.

### A. The Case Could Have Been Brought In the Northern District Of California

Here, the Northern District of California would have subject matter jurisdiction over this federal patent suit under 28 U.S.C. §§ 1331 and 1338. Additionally, venue and personal jurisdiction would be proper based on SFI's manufacturing relationship with Simpson, which has its headquarters in the Northern District of California.

Venue is proper in any district in which the defendant resides. 28 U.S.C. § 1400(b). A defendant resides in any district in which it would be subject to personal jurisdiction if the district were a separate state. 28. U.S.C. § 1391(c). Because personal jurisdiction is intimately connected to substantive patent law, Federal Circuit law applies to determine whether personal jurisdiction can be exercised over an out-of-state defendant in a patent infringement case. *See Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Genetic Implant Sys. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)). "However, because California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process." *Inamed*

*Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001).

Where a defendant is not subject to general personal jurisdiction in the forum state, a district court may nonetheless exercise specific personal jurisdiction over the defendant subject to a three part test: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp.*, 249 F.3d at 1360 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995)). The first prong requires "some act" by which defendants "purposefully avail[]" themselves of the "privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp.*, 471 U.S. at 475. *See id.* at 475-76. While the nexus necessary to satisfy the "arise out of or related to" prong has not been clearly delineated by the Supreme Court, the Federal Circuit has stated that "it is significant that the constitutional catch-phrase is disjunctive in nature, indicating an added flexibility and signaling a relaxation of the applicable standard from a pure 'arise out of' standard." *Inamed Corp.*, 249 F.3d at 1362. "With respect to the last prong, the burden of proof is on the defendant, which must 'present a compelling case that the presence of some other considerations would render jurisdiction unreasonable'. . . ." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006) (quoting *Burger King*, 471 U.S. at 476-77).

Here, SFI is subject to personal jurisdiction in the Northern District of California because it has purposefully directed activities to Pleasanton, California. SFI's contacts with the Northern District include reaching into the district in order to enter into an agreement with Simpson, which is headquartered in the district, to manufacture for and supply Simpson with SSWs or components thereof. SFI has been producing SSWs or its components for Simpson continuously

since 2005, according to Simpson's needs. *Burger King Corp.*, 471 U.S. at 473 ("with respect to interstate contractual obligations . . . parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State"); *see also Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001) (licensing agreements with and receiving royalty payments from a California resident constitutes purposeful activities directed to California).. SFI also agreed to be bound by a confidentiality agreement that is governed by California law. *Id.* at 482 (agreement to be bound by forum law shows "purposeful availment").

Plaintiff has filed suit against SFI alleging willful contributory infringement of its patent based on SFI's production of the SSW or a component thereof for Simpson. SFI is producing the SSW, or its components, at Simpson's direction and pursuant to specifications created by Simpson. Thus, this suit arises out of, or at least relates to, SFI's contacts with the Northern District of California. Lastly, SFI does not dispute that the assertion of personal jurisdiction over it by the Northern District of California would be reasonable and fair. Accordingly, Ei-Land's suit could have been brought against SFI in the Northern District of California.[2]

**B. <u>The Northern District of California Is A More Convenient Forum</u>**

In balancing the convenience of the parties under 28 U.S.C. § 1404(a), the court considers both private and public interest factors. Because the public interest factors are

---

[2] In the unlikely event that the Court determines that SFI is not subject to personal jurisdiction in the Northern District of California, SFI requests that the action against it be severed and stayed along with the Customer Defendants since, like the Customer Defendants, it is merely a peripheral party and complete relief can be had without it. *Toshiba Corp. v. Hynix Semiconductor, Inc.*, 2005 U.S. Dist. LEXIS 22047, at *14 (N.D. Tex. Sept. 30, 2005) ("A court has authority to sever claims against a defendant, for purposes of facilitating transfer of claims against the remaining defendants to a more convenient forum, where the severed defendant is only secondarily and peripherally involved in the litigation.").

unaffected by the addition of SFI as a party, SFI will only address the private factors herein.[3] The private interest factors a court considers in determining whether the transferee venue is more convenient include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory processes to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008) (en banc); *In re TS Tech U.S. Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

Here, the joinder of SFI to the Motion to Transfer does nothing to tip the balance of convenience against transfer. SFI does not perform any activities related to the SSW in Texas. SFI does not have a place of business in Texas. SFI does not maintain any documents in Texas. Any potentially relevant documents SFI might have, such as technical specifications, were provided to SFI by Simpson and are maintained by SFI at its Memphis, Tennessee facility. SFI has no employees in Texas. As discussed in Simpson's Transfer Motion, the Northern District of California is also more convenient because the vast majority of documents relevant to the claims of infringement are in the possession, custody, and control of Simpson and are located at Simpson's facilities in California. Lastly, there are no practical problems that would result from the transfer of this case to the Northern District of California.

## III. CONCLUSION

SFI, like the Customer Defendants, is tangential to the patent dispute between Ei-Land and Simpson. Despite SFI's late inclusion in this controversy by Ei-Land, Texas remains an inconvenient venue. SFI's joinder to the Transfer Motion poses no obstacle to transfer, because

[3] The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen*, 545 F.3d at 315.

SFI is subject to jurisdiction in the Northern District of California and venue is proper in that district. SFI therefore joins in Simpson's Transfer Motion and requests that the claims against it be transferred to the Northern District of California.

Dated: May 21, 2010

Respectfully submitted,

*/s/ James P. Martin, with permission by Michael E. Jones*

James P. Martin, Cal. Bar No. 170044
jmartin@sflaw.com
Erick C. Howard, Cal. Bar No. 214107
ehoward@sflaw.com
Lisa A. Jacobs, Cal. Bar No. 230364
ljacobs@sflaw.com
Shartsis Friese LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111

Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
903-597-8311
903-593-0846
mikejones@potterminton.com
allengardner@potterminton.com

ATTORNEYS FOR ALL DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 21, 2010. Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*