IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EI-LAND CORPORATION,<br><br>    *Plaintiff*,<br>v.<br><br>SIMPSON STRONG-TIE COMPANY, INC. ET AL.,<br><br>    *Defendants*. | § § § § § § § § § § § § § § | CASE NO. 2:09-cv-337-CE<br><br>CONSOLIDATED WITH:<br><br>CASE NO. 2:09-cv-82-CE |

## <u>MEMORANDUM OPINION AND ORDER</u>

**I.    Introduction**

Before the Court is the Defendants' Motion to Transfer the Claims Against Simpson and to Sever and Stay the Remaining Claims. (Dkt. No. 32.) Defendants in this case include Simpson Manufacturing Co., Inc. ("Simpson Manufacturing") and Simpson Strong-Tie Inc. ("Strong-Tie") (collectively, "Simpson"), SFI of Tennessee, LLC ("SFI"), and Associated Truss & Lumber ("AT&L"). The Court, having considered the venue motion and the arguments of counsel, DENIES the motion to transfer venue for Simpson and SFI to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors does not demonstrate that the transferee venue is "clearly more convenient" than the venue chosen by Ei-Land Corporation ("Plaintiff" or "Ei-Land"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen*

*of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc). The Court further DENIES the motion to sever and stay the action against AT&L.

## II. Factual and Procedural Background

Strong-Tie is a California corporation that designs, engineers, and manufactures structural connectors, fasteners, fastening systems, and pre-fabricated shearwalls, including the accused product in this patent infringement case—the Steel Strong-Wall shearwall ("SSW"). Simpson Manufacturing is a Delaware corporation and is Strong-Tie's parent company. Other defendants remaining in this case include SFI, which is a Tennessee Limited Liability Company having a place of business in Memphis, Tennessee, and AT&L, which is a Texas corporation with a place of business in Sunnyvale, Texas. SFI is a supplier of Simpson for the SSW and/or its components. AT&L is an Authorized Stocking Distributer of Simpson's products and sells, among others, the SSW. Ei-Land, the plaintiff, is a Nevada corporation with a principal place of business in La Jolla, California.

On October 28, 2009, Ei-Land filed a complaint for infringement of U.S. Patent No. 7, 458, 187 against Simpson, AT&L, and other defendants no longer remaining in this lawsuit. (Dkt. No. 1.) On May 12, 2010, Ei-Land filed its complaint for infringement of the same patent against SFI. (Dkt. No. 61.) These cases have been consolidated. On January 8, 2010, Simpson, AT&L, and other defendants filed Defendants' Motion to Transfer the Claims Against Simpson and to Sever and Stay the Remaining Claims. (Dkt. No. 32.) In the motion Defendants ask for Simpson to be transferred to the Northern District of California and the claims against other defendants to be severed and stayed. On May 21, 2010, Defendant SFI joined the motion requesting transfer to the Northern District of California along with the claims against Simpson. (Dkt. No. 67.)

**III.   Analysis**

    **A.   Applicable Law Regarding Motions to Transfer**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity

3

of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

B.  **Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Defendant AT&L contends that it is not subject to personal jurisdiction in California. If AT&L is correct, the claim could not have been brought in the Northern District of California and thus this motion to transfer venue fails at the outset. This Court, however, need not address that question. Defendants' motion seeks to sever and stay Defendant AT&L and then consider a transfer of venue for Defendants Simpson and SFI. Therefore, the Court will assume, *arguendo*, for the purposes of this motion to transfer venue that the case might have been brought in the transferee forum.

Venue would be proper in the Northern District of California for Simpson Manufacturing and Strong-Tie because Simpson's corporate headquarters are in Pleasanton, California—in the Northern District of California. Though not as clear as Simpson, venue would also be proper in the Northern District of California for Defendant SFI. A defendant resides in any district in which it would be subject to personal jurisdiction if the district were a separate state. 28 U.S.C. § 1391(c). Because personal jurisdiction is intimately connected to substantive patent law, Federal Circuit law applies to determine whether personal jurisdiction can be exercised over an

4

out-of-state defendant in a patent infringement case. *See Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002). For specific personal jurisdiction, the Federal Circuit uses a three-part test: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities in the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1362 (Fed. Cir. 2001). SFI's contacts with the Northern District of California include reaching into the district and contracting with Simpson, which is headquartered in the district, to manufacture for and supply Simpson with the SSWs (the accused product). SFI therefore purposefully directed its activities toward the proposed transferee forum when contracting to manufacture the SSWs, and the claim for patent infringement relates to these activities. *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985) ("with respect to interstate contractual obligations . . . parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State"). SFI does not dispute that the assertion of personal jurisdiction over it by the Northern District of California would be reasonable and fair. Therefore, because SFI would be subject to specific personal jurisdiction in the Northern District of California if it were a state, venue is proper over SFI in the Northern District of California.

### C. Private Interest Factors

#### 1. *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. There

are documents located in the Northern District of California at Simpson's Pleasanton, California headquarters, but the rest of the documents are located outside of the Northern District of California—either in the Eastern District of Texas or in other parts of the country.

Plaintiff Ei-Land's documents are largely located in La Jolla, California in the Southern District of California. Although La Jolla is closer to San Francisco (216 miles) than Marshall (1362 miles), La Jolla is still a significant distance from San Francisco. Therefore, it is questionable whether it is "clearly more convenient" to be in San Francisco. The patent-in-suit was prosecuted by an attorney who resides in Washington, D.C., and Ei-Land states that this attorney has documents related to the prosecution of the patent-in-suit and the prior art. Washington, D.C. is over twice as far from San Francisco than it is from Marshall (1066 miles versus 2438 miles). Defendant SFI has documents in Memphis, Tennessee, and Memphis is much closer to the Eastern District of Texas than the Northern District of California. In addition, although many of Defendants' documents are in the Northern District of California at Simpson's Pleasanton headquarters, many of Simpson's documents are elsewhere—including in the Eastern District of Texas. The accused device (the SSW) has been produced at each of Simpson's four regional branches in McKinney, Texas, Brea, California, Stockton, California, and Columbus, Ohio.[1] None of these branches is in the Northern District of California, and the McKinney branch is located in the Eastern District of Texas. The McKinney branch accounted for twenty-two percent of Simpson's total production of the SSW. Further, the McKinney branch has drawings

---

[1] Defendants state that the "SSWs are manufactured by Strong-Tie exclusively in California, with the majority of the manufacturing occurring at its Stockton facility." (Dkt. No. 32, at 7.) But the motion also states that the "McKinney [branch] makes 'installation ready' the prefabricated, welded walls it purchases from the Tennessee supplier, this finishing does not involve any manufacturing with respect to the steel shearwall panel itself." (*Id.* at 9.) Without getting into the semantics in differences between "manufacturing" and "assembling" as Defendants state, the Court simply observes that the SSW is "produced" at McKinney and the other branches.

and specification sheets of each SSW size, an inventory of finished SSWs, and access to anything on the company's computer system that relates to the SSW.

Because the sources of proof are not clustered near the proposed transferee district, this case is distinguishable from *Volkswagen II* and *In re TS Tech*. In *Volkswagen II*, all of the physical evidence was located within the proposed transferee venue. *Volkswagen II*, 545 F.3d at 316. Similarly in *TS Tech*, all of the sources of proof were located within 300 miles of the proposed transferee district, the Southern District of Ohio, and the original venue, the Eastern District of Texas, was about 900 additional miles away. *In re TS Tech Corp.*, 551 F.3d at 1320-21. In these two cases, access to the physical evidence was clearly more convenient in the proposed transferee venue.

In contrast to *Volkswagen II* and *In re TS Tech*, the physical evidence in this case is distributed across the country with some evidence in the Eastern District of Texas and some evidence in the Northern District of California. Accordingly, this factor is neutral.

2.  *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. Neither party has identified any non-party witnesses residing within 100 miles of Marshall, Texas. And although no district court has absolute subpoena power over all of the likely witnesses in this case, several of Simpson's former employees and other non-party witnesses are located in the Northern District of California. Therefore, this factor favors transfer.

7

3. *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Northern District of California. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. The Court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

Defendants allege that many potential witnesses in this case reside in the Northern District of California at or near Simpson's Pleasanton headquarters. Defendants also allege that other non-party witnesses, such as former Strong-Tie employees, live in the Northern District or other parts of California, so the Northern District of California is more convenient for the witnesses. The Ei-Land Corporation is incorporated in Nevada, with its principal place of business in La Jolla, California. Thus, Ei-Land's witnesses residing at these locations could more conveniently appear in the Northern District of California than the Eastern District of Texas. On the other hand, there are several witnesses who could more conveniently appear in the Eastern District of Texas. Simpson's witnesses at its McKinney branch could more conveniently appear in the Eastern District of Texas. Defendant SFI has witnesses in Memphis; therefore, it would be more convenient for any potential witnesses from SFI to appear in the Eastern District of Texas. Additionally, the prosecutor for the patent-in-suit is located in Washington, D.C., which is closer and more convenient to the Eastern District of Texas than the Northern District of California.

8

As a whole, however, it appears to be more convenient for most of the witnesses to appear in the Northern District of California. Thus, this factor slightly favors transfer.

    4. *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). The parties have not identified any special circumstances of judicial economy or other practical problems that weigh against transfer, so this factor is neutral.

**D.**    **Public Interest Factors**

    1. *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* Given the speculative nature of this factor, the Court finds it to be neutral.

    2. *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."

9

*Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is not like *TS Tech* where the only local interest is that the accused product is sold in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321. In this case, although the accused product (the SSW) has been sold in the Eastern District of Texas, the Eastern District of Texas has significant other local interests as well. Namely, the McKinney branch of Defendant Simpson is located in the Eastern District of Texas. The McKinney branch produced and shipped over twenty-two percent of the SSWs sold by Simpson. These SSW sales from McKinney represent over $6 million in revenue. The McKinney branch also employs approximately 180 people in McKinney and another 60 field sales people distributed throughout the Southeast United States report to the McKinney branch. And as noted above, the McKinney branch employs many potential witnesses in this case and has drawings and specification sheets of each SSW size, an inventory of finished SSWs, and access to anything on the company's computer system that relates to the SSW. *See id.* (considering also "witnesses, evidence, and events leading to the case" for "analyzing the public interest in having local interests decided at home").

Defendants correctly argue that the Northern District of California has some local interest because, for example, Simpson's Pleasanton headquarters are in the district. But unlike the Eastern District of Texas, none of the four branches that produce or assemble the accused product are located in the Northern District of California. Thus, this factor weighs against transfer.

3.  *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Northern District of California and the Eastern District of Texas are equally capable of applying patent law to infringement claims; therefore, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

4.  *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

**E.   The Court Denies Defendants' Motion to Transfer**

Considering all of the private and public interest factors, the Defendants have not met their burden of showing that the Northern District of California is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Availability of compulsory process weighs in favor of transfer, and cost of witness attendance slightly favors transfer. On the other hand, local interests weigh against transfer, and the other factors are neutral. Therefore, Defendants' motion to transfer venue regarding Defendants Simpson Manufacturing, Strong-Tie, and SFI is DENIED.

**F.   The Court Denies Defendants' Motion to Sever and Stay**

Because the Court is denying the motion to transfer venue to the Northern District of California for Defendants Simpson Manufacturing, Strong-Tie, and SFI, the motion to sever and stay the claims against Defendant AT&L is without merit. Under Federal Rule of Civil Procedure 21, "any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. "[A] trial court has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). Severance should be granted only if three conditions are met: (1)

the remaining claims are peripheral to the severed claims; (2) adjudication of the severed claims would potentially dispose of the remaining claims; and (3) the § 1404(a) factors warrant transfer of the severed claims. *See Toshiba Corp v. Hynix Semiconductor, Inc.*, No. 3:04-CV-2391-L, 2005 WL 2415960, at *4 (N.D. Tex. Sept. 30, 2005); *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 632 (E.D. Va. 2003); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 584 (D. N.J. 2001); *LG Elecs., Inc. v. Asustek Computers*, 126 F. Supp. 2d 414, 421-22 (E.D. Va. 2000). The claims against AT&L are closely related to those against Simpson and SFI because the same patent and accused products are involved. In addition, SFI's and Simpson's reasoning for trying to sever and stay the claims against AT&L was to facilitate a transfer to the Northern District of California, and the Court has denied that motion. The Court has also denied AT&L's motion to dismiss. (Dkt. No. 102.) Thus, the Court DENIES the motion to sever and stay claims against AT&L.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Defendants' Motion to Transfer the Claims Against Simpson and to Sever and Stay the Remaining Claims.

It is so ORDERED.

SIGNED this 30th day of September, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE